United States District Court
District of Maine

| | |
|---|---|
| Clare E. Mundell,<br><br>      Plaintiff,<br><br>    v.<br><br>Acadia Hospital, Corp. et al.<br><br>      Defendants. | Civil No. 1:21-cv-00004-LEW |

## Plaintiff's Motion for Partial Summary Judgment

Plaintiff Dr. Clare E. Mundell worked as a pool psychologist for Defendant Acadia Hospital, Corp. ("Acadia"). Acadia has formally admitted to all the elements of Count I of her Complaint for denial of equal pay for comparable work in violation of the Maine Equal Pay Law, 26 M.R.S. §§ 628, 626-A. In particular, Acadia has conceded that (1) it paid Dr. Mundell and the other female pool psychologists about half as much as the male pool psychologists for comparable work; and (2) no statutory defenses apply under the Maine Equal Pay Law. Moreover, the First Circuit has definitively ruled that "Maine Wages Act violations entitle a plaintiff to unpaid wages plus 'an additional amount equal to twice the amount of unpaid wages as liquidated

damages.'" *Giguere v. Port Res., Inc.*, 927 F.3d 43, 51 (1st Cir. 2019) (citation omitted). Thus, this Court should grant summary judgment against Acadia[1] under Fed. R. Civ. P. 56 to Dr. Mundell on her claims for liability and for treble damages on Count I of her Complaint for denial of equal pay for comparable work in violation of the Maine Equal Pay Law.[2]

## Undisputed Facts

In July 2017, Dr. Mundell received an offer of employment from Acadia to work as a pool psychologist. Pl.'s Statement of Material Facts in Supp. of Mot. for Partial Summ. J. ("SMF") ¶ 1. In this role, she was responsible for providing psychological testing and consultation, group and individual psychotherapy, and crisis intervention. SMF ¶ 6. Acadia offered Dr. Mundell an hourly pay rate of $50. SMF ¶ 2. She accepted this offer and started work on November 6, 2017. SMF ¶¶ 3-4.

Dr. Mundell worked with four other pool psychologists at Acadia Hospital in Bangor. SMF ¶¶ 5, 7. She and the two other female pool

---

[1] To simplify this motion, Plaintiff is not moving for summary judgment against Defendant Eastern Maine Healthcare Systems, which Plaintiff contends functioned as a single and joint employer of Plaintiff. Defendants dispute the single and joint employer contention, Answer ¶ 18, but resolution of that issue is not necessary for this motion for partial summary judgment on Plaintiff's Maine Equal Pay Law claim.

[2] Rule 56(a) was amended in 2010 "to make clear at the beginning that summary judgment may be requested not only as to an entire case but also as to a claim, defense, or part of a claim or defense." Fed. R. Civ. P 56(a), 2010 Advisory Committee's note.

psychologist employees were paid $50 or less per hour, while the two male pool psychologist employees were paid $90 and $95 per hour. SMF ¶¶ 8-11. Dr. Mundell and the two male pool psychologists performed comparable work on jobs that have comparable requirements relating to skill, effort and responsibility. SMF ¶ 14.

Acadia did not have an established seniority or merit increase system for pool psychologist pay, nor did it set pay based on differences in shift or time of day worked. SMF ¶¶ 15-17.

Dr. Mundell made multiple demands for payment of unpaid wages to equalize her hourly rate with the rate paid to her male counterparts. But these wages remained unpaid. SMF ¶¶18-19.

## Argument

### I.   Acadia Has Admitted Liability on Each Element of Dr. Mundell's Maine Equal Pay Law Claim.

The statutory text of Maine's Equal Pay Law is clear: if employees of the opposite sex perform comparable work on jobs with comparable requirements for skill, effort and responsibility, then their employer must pay them equally unless one of the statute's enumerated affirmative defenses apply. Under the Maine Equal Pay Law:

> An employer may not discriminate between employees in the same establishment on the basis of sex by paying wages to any employee in any occupation in this State at a rate less than the

3

> rate at which the employer pays any employee of the opposite sex for comparable work on jobs that have comparable requirements relating to skill, effort and responsibility. Differentials that are paid pursuant to established seniority systems or merit increase systems or difference in the shift or time of the day worked that do not discriminate on the basis of sex are not within this prohibition.

26 M.R.S. § 628.

Under Maine law, "the plain language of a statute governs unless the result would be absurd, illogical, unreasonable or inconsistent." *Noll v. Flowers Foods, Inc.*, No. 1:15-cv-00493-LEW, 2021 WL 904859, at *5 (D. Me. Mar. 9, 2021) (citing *Packgen, Inc. v. Bernstein, Shur, Sawyer & Nelson, P.A.*, 2019 ME 90, ¶ 21, 209 A.3d 116, 122).

Based on the plain language of Section 628, a plaintiff bringing an Equal Pay Law claim must show that (1) their employer; (2) paid them wages at a rate less than the rate paid to an employee of the opposite sex; (3) in the same establishment; (4) for comparable work on jobs with comparable requirements relating to skill, effort and responsibility.[3] Once the plaintiff

---

[3] The original version of Maine's Equal Pay Law, passed in 1949, required plaintiffs to establish that they had engaged in "equal work" to their better paid, opposite-sex coworkers. P.L. 1949, ch. 262, § 40-A (effective Aug. 6, 1949). Likewise, the federal Equal Pay Act of 1963 uses the "equal work" formulation. Pub. L. No. 88-38, § 3, 77 Stat. 56, 56-57 (codified at 29 U.S.C. § 206(d)(1)). But just two years after that federal law passed, Maine's legislature amended the Maine statute to strike the phrase "equal work" and replace it with the phrase "comparable work." L.D. 1412 (102d Legis. 1965). Though not at issue in this case, courts have consistently held that the "comparable work" standard requires a lesser showing than the "equal work" standard. *See, e.g., Jancey v. Sch. Comm. of Everett*, 421 Mass. 482, 488–89, 658 N.E.2d 162, 167 (1995). And as the Law Court has repeatedly ruled, when

makes this showing, the employer can avoid liability only if it can prove one of the three defenses enumerated in the statute: that the difference in pay was the result of an (1) established seniority system; (2) an established merit increase system; or (3) a difference in shift or time of the day worked. 26 M.R.S. § 628.[4]

Acadia has admitted each element of Dr. Mundell's Equal Pay Law Claim. Dr. Mundell was an employee of Acadia. SMF ¶¶ 1, 3-4. Acadia paid Dr. Mundell wages at a rate far less than her male pool psychologist counterparts DP and FK: it paid Dr. Mundell at about half the rate of her male colleagues, just $50 per hour rather than $90-95 per hour. SMF ¶¶ 5, 8-9, 11-13. Dr. Mundell, DP, and FK all worked at Acadia Hospital in Bangor. SMF ¶ 7. And they performed comparable work on jobs that had comparable requirements relating to skill, effort and responsibility. SMF ¶ 14.

Acadia has further admitted that none of the affirmative defenses available to employers under the Maine Equal Pay Law apply. SMF ¶¶ 15-17. The pay differential was not based on an established seniority system, an

---

Maine statutes use language more protective of workers' rights than their federal counterparts, that language should be interpreted to show that Maine's legislature "intended to supplement" federal law and provide more protection than the federal baseline. *See, e.g., Scamman v. Shaw's Supermarkets, Inc.*, 2017 ME 41; *MHRC v. Kennebec Water Power Co.*, 468 A.2d 307 (Me. 1983).

[4] The federal Equal Pay Act provides a "factor other than sex" affirmative defense for employers, *see* 29 U.S.C. § 206(d)(1)(iv), which Maine's Equal Pay Law does not. *See* 26 M.R.S. § 628.

established merit increase system, or a difference in shift or time of the day worked. SMF ¶¶ 15-17.

Dr. Mundell is entitled to summary judgment against Acadia on its liability to her for her Maine Equal Pay Law claim.

## II. Under Maine's Penalties Provision, Acadia Is Liable for Remedies Including Unpaid Wages and Benefits Plus Twice that Amount as Liquidated Damages.

The remedies owed for a violation of Section 628 are set forth in the subchapter's "Penalties" provision, Section 626-A, which provides for treble damages for violations of Section 628:

> Upon a judgment being rendered in favor of any employee or employees, in any action brought to recover unpaid wages or health benefits under this subchapter, **such judgment includes, in addition to the unpaid wages or health benefits adjudged to be due**, a reasonable rate of interest, costs of suit including a reasonable attorney's fee, and **an additional amount equal to twice the amount of unpaid wages as liquidated damages.**

26 M.R.S. § 626-A (emphasis added); see *Giguere v. Port Res., Inc.*, 927 F.3d 43, 51 (1st Cir. 2019) ("Maine Wages Act violations entitle a plaintiff to unpaid wages plus 'an additional amount equal to twice the amount of unpaid wages as liquidated damages.'") (citation omitted).[5]

---

[5] These liquidated damages are mandatory and not subject to a "willfulness" requirement or a "good faith" defense. *Bisbing v. Maine Med. Ctr.*, 2003 ME 49, ¶ 5, 820 A.2d 582, 584 ("There is no hint in the statute that treble damages and attorney fees can be awarded only on a showing that the employer has acted in bad faith. We are not free to impose such an element in disregard of the clear legislative intent

Although Section 626-A is not always "a model of clarity," *Noll*, 2021 WL 904859, at *5, its application to this case is straightforward: the remedies for a Section 628 equal pay violation are those listed in Section 626-A, including unpaid wages and health benefits plus twice that amount as liquidated damages. The Maine Supreme Judicial Court "has already resolved" a potential ambiguity in Section 626-A "by holding that the list of statutory provisions set out in the first paragraph also applies for purposes of the second paragraph." *Id.* (citing *Cooper v. Springfield Terminal Ry. Co.*, 635 A.2d 952, 955 (Me. 1993)). As the *Cooper* Court explained, the first paragraph of Section 626-A "explicitly states that it is applicable to violations of" the sections listed in the statute (a list that expressly includes Section 628), "while the second paragraph provides for the aforementioned penalties in any action brought under the subchapter of which" those specified statutory sections "are a part." *Cooper*, 635 A.2d at 955.

Moreover, the second paragraph of Section 626-A expressly makes employers liable for treble damage penalties on unpaid wages "in any action brought to recover unpaid wages or health benefits **under this subchapter**" – that is, the subchapter that includes Section 628. 26 M.R.S. §626-A (emphasis

---

expressed in the plain language of section 626."); *Purdy v. Cmty. Telecomms. Corp.*, 663 A.2d 25, 28 (Me. 1995); *Giguere*, 927 F.3d at 51-52.

added).[6] Thus, as the Law Court explained, Section 626-A's treble damages provision "specifically makes employers liable for 'unpaid wages,'" *Cooper*, 635 A.2d at 955, which is precisely what is owed when an employer fails to provide equal pay in violation of Section 628.

Although there may be situations in which a different, more specific statutory penalties provision could trump the generally applicable penalties provision set forth in Section 626-A, *see Noll*, 2021 WL 904859 at *5, that is plainly not the case here. The Maine Equal Pay Law itself includes no provision for remedies. 26 M.R.S. § 628. Instead, the **only** remedies for a claim of unequal pay in violation of Section 628 are through the penalties listed in Section 626-A: unpaid wages and health benefits, twice that amount as liquidated damages, reasonable interest, and costs of suit including a reasonable attorney's fee. Any other reading of the statutory scheme would defy the Law Court's holding in *Cooper* and leave victims of unequal pay without an effective remedy.

Because Acadia failed to pay Dr. Mundell equal wages as required by Section 628, she is entitled to treble damages under Section 626-A.

---

[6] "This subchapter" refers to Title 26, Chapter 8, Subchapter 2, "Wages and Medium of Payment," which encompasses 26 M.R.S. §§ 621-639.

## Conclusion

Dr. Mundell worked for Acadia for over two years providing psychological testing, consultation, and other services to her patients, just like Acadia's male pool psychologists. Unbeknownst to her, throughout that time Acadia paid her only about half as much as her male counterparts. This inequality is precisely what the Maine Equal Pay Law was enacted to prevent. Because the undisputed facts show that Acadia paid Plaintiff less than employees of the opposite sex for comparable work and none of the statutory defenses apply, Acadia owes Dr. Mundell the amount of her unpaid wages, plus twice that amount as liquidated damages. Plaintiff respectfully requests that this Court grant summary judgment on her Equal Pay Law claim.

Respectfully submitted,

Date: September 1, 2021

/s/ Valerie Z. Wicks
Valerie Z. Wicks, Esq.
Johnson, Webbert & Garvan, LLP
160 Capitol Street
Augusta, Maine 04332-0079
Tel: (207) 623-5110
vwicks@work.law

/s/ Carol J. Garvan
Carol J. Garvan, Esq.
Johnson, Webbert & Garvan, LLP
160 Capitol Street
Augusta, Maine 04332-0079

Tel: (207) 623-5110
cgarvan@work.law

*Attorneys for Plaintiff*

## Certificate of Service

I hereby certify that on September 1, 2021, I caused this document to be electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

*/s/ Valerie Z. Wicks*
Valerie Z. Wicks
